# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MARKO BACA, ET AL.                                CIVIL ACTION

VERSUS

SABINE RIVER AUTHORITY                            NO: 17-00253-BAJ-EWD

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's Report and Recommendation (Doc. 28), issued pursuant to 28 U.S.C. § 636(b)(1), addressing the Motion to Dismiss (Doc. 5) filed by Defendant Sabine River Authority and the Motion to Remand (Doc. 8) filed by Plaintiffs.[1] (Doc. 8). In the Report and Recommendation, the Magistrate Judge recommended that the Motion to Remand be granted and that this matter be returned to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction. (Doc. 28 at p. 20). The Magistrate Judge also recommended that the Motion to Dismiss be denied as moot if the Court remands the case. *Id.*

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72, the parties had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Plaintiff timely objected to the Report and Recommendation. (Doc. 29).

---

[1] Plaintiffs are fifty-seven property owners, all of whom allege that they own property located in Vernon or Beauregard Parishes. (Doc. 1-4 at ¶ 5).

1

19 JDC- certified

Plaintiffs, the owners of property located in Vernon and Beauregard Parishes, Louisiana, allege that Defendant operated the Toledo Bend Dam in Louisiana and that the dam caused catastrophic flooding to their property. (Doc. 1-4 at ¶ 5-11). Plaintiffs claim that Defendant's actions constitute a taking under the Louisiana Constitution, Article I, Section 4 "for the condemnation/taking of their property" and that under the Louisiana Constitution and La. R.S. § 13:5111, they are "entitled to just compensation to the full extent of their losses resulting from Defendant's partial taking of their properties." (Doc. 1-4 at ¶ 18-23). On March 9, 2017, Plaintiffs filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. (Doc. 1-4). On April 24, 2017, Defendant removed the action to this Court, asserting subject matter jurisdiction under 28 U.S.C. § 1331 and 16 U.S.C. § 825p, which provides federal courts with jurisdiction over duties and liabilities created by the Federal Power Act. (Doc. 1-5 at p. 2).

The Magistrate Judge recommended granting Plaintiffs' Motion to Remand. (Doc. 28). Defendant objects to the Magistrate Judge's Report and Recommendation. (Doc. 29 at p. 3). First, Defendant argues that Plaintiffs' claims trigger federal jurisdiction because they necessarily raise actually disputed and substantial issues of federal law. *Id.* at 3. "A case aris[es] under federal law for § 1331 purposes if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 678 (2006) (internal quotations omitted). Where, as here, plaintiffs have not pled

a federal cause of action, the question is whether "a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

Defendant argues that Plaintiffs' state law claims necessarily raise a federal issue because the adjudication of Plaintiffs' claims requires the Court to assess the Federal Energy Regulatory Commission's orders holding that the Toledo Dam project does not affect flooding downstream of the Dam. (Doc. 23 at p. 3). The United States Court of Appeals for the Fifth Circuit has held that where the federal issue involves a predominantly fact bound inquiry, federal courts lack jurisdiction. *See Singh v. Duane Morris LLP*, 538 F.3d 334, 339 (5th Cir. 2008). The cause of the flooding will necessarily be a disputed issue in the context of Plaintiffs' state law takings claim, and the issue is inherently fact bound and situation specific such that it cannot support federal jurisdiction pursuant to *Grable*. (Doc. 28 at p. 11). Additionally, Defendant's claim regarding the Federal Energy Regulatory Commission's orders are defenses to Plaintiffs claims, which do not support federal jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Second, Defendant argues that the case of *Simmons v. Sabine River Authority*, 732 F.3d 469, 472 (5th Cir. 2013) provides support for its assertion that this matter be heard in federal court to maintain consistency and balance. (Doc. 29 at p. 3). Defendant also argues that the *Simmons* case governs Plaintiffs' claims with respect

to the implicit duty of inverse condemnation and ripeness of Defendant's motion to dismiss. *Id.* However, as the Magistrate Judge noted, *Simmons* is not controlling. In that case, the plaintiffs alleged that their properties were flooded and eroded following the opening of the Toledo Bend Dam. *Id.* Plaintiffs sued various defendants, including the Sabine River Authority in state court. *Id.* Plaintiffs brought claims for negligence, nuisance, trespass, unconstitutional taking, damage of property without just compensation, and due process violations under the Louisiana and United States Constitutions. *Id.* Defendants removed the suit under 28 U.S.C. §1331 and 16 U.S.C. §825p. *Id.* Plaintiffs then filed a motion to remand, arguing that the petition did not present a federal question, and defendants filed a motion to dismiss, arguing that plaintiffs' claims were preempted.

The district court granted defendants motion to dismiss, without ruling on the motion to remand. *Id.* at 478. The Fifth Circuit affirmed, and in doing so elected to not address the motion to remand, finding that because "we have concluded that the district court properly granted Defendants' motion to dismiss, we need not consider whether the district court abused its discretion in denying Plaintiffs' motion to remand." *Id.* at 478. Accordingly, *Simmons* has no bearing on the pending motion to remand because the Fifth Circuit did not decide whether subject matter jurisdiction was established.

Finally, Defendant argues that 16 U.S.C. §825p supports jurisdiction under the "arising under" framework established in *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, —— U.S. ——, 136 S.Ct. 1562, 1568 (2016). (Doc. 29 at p. 3). Section

4

825p grants federal courts exclusive jurisdiction over "all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, [the Federal Power Act] or any rule, regulation, or order thereunder." 16 U.S.C. § 825p. In *Merrill Lynch*, the Court interpreted the nearly identical "brought to enforce" language in the exclusive jurisdiction provision of § 27 of the Securities Exchange Act of 1934. The Court concluded that the provision does not provide jurisdiction over complaints that simply mention a duty established by federal law. *Id.* at 1568–69. Rather, a claim is "brought to enforce" such a duty only if its "very success depends on giving effect to a federal requirement." *Id.* at 1570. Here, however, Plaintiffs do not assert that Defendant failed to comply with any duty or liability created by the Federal Power Act. Therefore, § 825p does not grant subject matter jurisdiction in this case.

The Magistrate Judge also recommended that Defendant's Motion to Dismiss, arguing that Plaintiff's claims are preempted, be denied as moot. (Doc. 28 at p. 20). When a federal court lacks subject matter jurisdiction over a case, any other pending motions must be denied as moot, which is a dismissal without prejudice. *See International Energy Ventures Management, LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016). Defendant did not object to this portion of the Report and Recommendation, and therefore the Court will deny Defendant's motion to dismiss as moot.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and**

Recommendation (Doc. 28) is **ADOPTED** as the Court's opinion.

**IT IS FURTHER ORDERED** that the **Motion to Remand (Doc. 8)** is **GRANTED** and this case is **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Doc. 5)** is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the **Motion for Leave to File Supplemental Written Objections to Magistrate's Report and Recommendation (Doc. 30)** is **DENIED**.

Baton Rouge, Louisiana, this 30th day of November, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA